IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **SHAWN MILLER, No. B46552,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | Case No. 13-cv-00768-MJR |
| ) | |
| **MICHAEL P. ATCHISON,** ) | |
| **LUCAS T. MAUE,** ) | |
| **C/O STEWART, and** ) | |
| **MAJOR BROWN,** ) | |
| ) | |
| **Defendants.** ) | |

**MEMORANDUM AND ORDER**

**REAGAN, District Judge:**

Plaintiff Shawn Miller, an inmate in Menard Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983.

This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
>   (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
>   (2) seeks monetary relief from a defendant who is immune from such relief.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to

relief must cross "the line between possibility and plausibility. *Id*. at 557. Conversely, a complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although the Court is obligated to accept factual allegations as true, *see Smith v. Peters*, 631 F.3d 418, 419 (7th Cir. 2011), some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Additionally, Courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id*. At the same time, however, the factual allegations of a *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## The Complaint

According to the complaint, in July 2009 Defendant C/O Maue issued Plaintiff a disciplinary ticket that ultimately resulted in Plaintiff being placed in segregation for three months being demoted to C grade and losing commissary privileges. At that time, Maue threatened that after Plaintiff was released from segregation, he, Maue, would send Plaintiff to the hospital. Plaintiff did not run into Maue again until May 11, 2012. Maue attacked Plaintiff without cause, and Defendant C/O Stewart joined in beating Plaintiff. Neither Maue nor Stewart secured Plaintiff medical care for his injuries. Furthermore, when Stewart asked Maue what to put in his report regarding why force had been used against Plaintiff, Maue had no answer, so the two officers fabricated a false disciplinary report indicating that Plaintiff had refused an order and spat at Maue.

Plaintiff was subsequently escorted to segregation by Defendants Major Brown and C/O Stewart, but neither official responded to Plaintiff's request for medical care for his painful injuries, which included a visibly damaged eye, and a possible concussion. Plaintiff was later found guilty of the false disciplinary infractions and was sent to segregation for four months; Plaintiff also was demoted to C grade and lost commissary and visitation privileges.

Plaintiff filed multiple grievances regarding these incidents, but they were all lost, denied or ignored. Plaintiff sent a copy of a grievance regarding Maue to Warden Atchison, but Atchison never responded. A letter to Atchison did result in an Internal Affairs investigation, to no avail.

Plaintiff seeks declaratory judgment, compensatory and punitive damages, and a temporary restraining order and/or preliminary injunction directing Maue and Stewart to "keep their hands off" Plaintiff.

Based on the allegations of the complaint, the Court finds it convenient to divide the *pro se* action into five counts. The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designation of these counts does not constitute an opinion as to their merit.

> **Count 1: Defendants Maue and Stewart assaulted Plaintiff on May 11, 2012, without cause in violation of the Eighth Amendment prohibition against cruel and unusual punishment;**
>
> **Count 2: After assaulting Plaintiff on May 11, 2012, Defendants Maue and Stewart did not secure Plaintiff medical care for his injuries, in violation of the Eighth Amendment;**
>
> **Count 3: Defendants Maue and Stewart violated Plaintiff's Fourteenth Amendment right to due process of law when they fabricated a false disciplinary report to cover-up their assault on Plaintiff;**

> **Count 4:** While escorting Plaintiff to segregation, Defendants Stewart and Brown did not secure Plaintiff medical care for his injuries, in violation of the Eighth Amendment; and
>
> **Count 5:** Defendant Warden Atchison failed to respond to Plaintiff's grievances, in violation of the Eighth and Fourteenth Amendments.

The complaint contains random references to lost or destroyed personal property, not associated with any particular defendant. Consequently the Court does not perceive that Plaintiff is asserting any claim regarding his personal property.

Following the narrative that pertains to Counts 1-5, the complaint contains approximately seven pages setting forth Plaintiff's perceptions about Menard being run by white supremacists who act with impunity, protected by a code of silence and a system (from the Courts to the Governor and on down) stacked against prisoners. Because there are no specific allegations against any named defendant (aside from references to events already encompassed in Counts 1-5), the Court does not discern any additional legal claims within that portion of the complaint (*see* Doc. 1, pp. 13-20).

## Motion to Supplement

On August 20, 2013, Plaintiff filed a "Motion to Supplement Petition Pursuant to Federal Rule of Civil Procedure 15(d)" (Doc. 7). Plaintiff seeks to add additional exhibits and an affidavit in support of his claims, and he appears to want to add an additional claim. Plaintiff asserts that in retaliation for Plaintiff filing this case, "another high ranking personnel officer" has moved Plaintiff from a low gallery medical section of the prison to a high gallery non-medical section.

Federal Rule of Civil Procedure 15(d) gives the Court discretion to allow claims to proceed in a case which did not arise until after the pleading that is intended to be supplemented,

even if those claims are unrelated to the transactions, and even if additional parties are involved. However, when considering supplementation, the Court considers the same factors that are relevant to a motion to amend under Rule 15(a).

Although Plaintiff describes a tangentially related retaliation claim against a "John Doe" defendant, the incidents involved in the present action occurred more than a year ago, and Plaintiff offers nothing more than a bare assertion of retaliation. Consequently, the Court does not perceive why supplementation to add another claim should be permitted when Plaintiff can file a separate action raising his retaliation claim.

Plaintiff also wants to supplement the complaint with supporting documentation and a witness affidavit. Those documents are not required at the pleading stage, but Plaintiff is free to submit them relative to a motion for summary judgment, or as otherwise necessary.

For these reasons, his motion to supplement (Doc. 7) will be denied and the Court will proceed with the preliminary review of the original complaint (Doc. 1).

## Discussion

### Counts 1, 2 and 4

Counts 1, 2 and 4 state viable Eighth Amendment claims against Defendants Maue, Stewart and Brown. *See Farmer v. Brennan*, 511 U.S. 825, 832-33 (1994) (the Eighth Amendment prohibits excessive force and guarantees adequate medical care). Therefore, Counts 1, 2 and 4 shall proceed.

### Count 3

Count 3 alleges that Defendants Maue and Stewart violated Plaintiff's Fourteenth Amendment right to due process of law when they fabricated a false disciplinary report to cover-up their assault on Plaintiff. Plaintiff was ultimately convicted of that charge and sent to

segregation for four months, demoted to C grand and lost commissary privileges. Nevertheless, a liberty interest protected by the Due Process Clause of the Fourteenth Amendment is not implicated; therefore, Court 3 must be dismissed. *See Piggie v. McBride,* 277 F.3d 922, 924 (7th Cir. 2002) (a liberty interest is required to trigger a right to due process).

Liberty interests arise only from prison policies that impose "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Wilkinson v. Austin,* 545 U.S. 209, 221–23 (2005); *Sandin v. Conner,* 515 U.S. 472, 484 (1995). A demotion to C grade status for an Illinois prisoner does not implicate a liberty interest. *Hoskins v. Lenear,* 395 F.3d 372, 374–75 (7th Cir. 2005); *Thomas v. Ramos,* 130 F.3d 754, 762 n. 8 (7th Cir. 1997). Segregation does not implicate a liberty interest unless the length of confinement is substantial *and* the "record reveals that the conditions of the confinement are unusually harsh." *Marion v. Columbia Corr. Inst.,* 559 F.3d 693, 697–98 (7th Cir. 2009). Segregation for four months does not automatically trigger protection. *See Lekas v. Briley*, 405 F.3d 602 (7th Cir. 2005) (*citing Whitford v. Boglino*, 63 F.3d 527, 533 (7th Cir. 1995) (six months is not so extreme a length of time to trigger due process protection)). Arguably, segregation for four months *could* implicate a liberty interest, depending upon the specific conditions, but Plaintiff has not taken issue with *any* aspect of the conditions of confinement in segregation. Rather, Plaintiff's claim is premised upon his unjustified placement in segregation. Therefore, he has failed to state a colorable due process claim and Count 3 must be dismissed. Dismissal shall be without prejudice, in light of Plaintiff's *pro se* status.

**Count 5**

Count 5 pertains to Warden Atchison's failure to respond to Plaintiff's grievance and letter, in violation of the Eighth and Fourteenth Amendments. Even assuming that Atchison

received all of the grievances sent by Plaintiff, viable Eighth or Fourteenth Amendment claims have not been pleaded.

A warden cannot be held liable for the constitutional violations of his subordinates merely because he is the chief administrative officer of the prison; he must have personally participated in or approved of those violations. *See Johnson v. Snyder,* 444 F.3d 579, 583–84 (7th Cir. 2006) (liability under Section 1983 requires personal involvement); *Chavez v. Illinois State Police,* 251 F.3d 612, 651 (7th Cir. 2001) (no *respondeat superior* liability under Section 1983). "Only persons who cause or participate in the violations are responsible. Ruling against a prisoner on an administrative complaint does not cause or contribute to the violation." *George v. Smith,* 507 F.3d 605, 609–10 (7th Cir. 2007). Thus, there is no colorable Fourteenth Amendment claim.

A warden who has a practice or policy of turning a blind eye to wrongdoing can be liable under the Eighth Amendment. *See McGill v. Duckworth*, 944 F.2d 344, 351 (7th Cir. 1991). However, the present complaint does not provide enough detail to "present a story that holds together" to constitute such a claim. *See Swanson v. Citibank, N.A.,* 614 F.3d 400, 404 (7th Cir. 2010). It is alleged that Atchison was sent a grievance and a letter regarding Maue. The complaint also contains pages of general allegations regarding Menard being run by white supremacists who act with impunity and are protected by a code of silence and a system stacked against the prisoners. However, there is no basis to link all of those things together and to Atchison in order to satisfy the *Twombly* pleading standard.

For these reasons, Count 5 must be dismissed in all respects, albeit without prejudice.

### Temporary Restraining Order

The complaint includes a prayer for a temporary restraining order directing Maue and Stewart to "keep their hands off" Plaintiff. The Court will construe the complaint as including a motion for temporary restraining order.

A temporary restraining order may issue without notice *only* if:

(A)  specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and

(B)  the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

FED. R. CIV. P. 65(b)(1).

There is no indication that Plaintiff is in imminent danger of physical harm at the hands of Maue and/or Stewart. The alleged assault at issue in this case occurred more than a year ago. Therefore, Plaintiff's motion for temporary restraining order will be denied.

### Pending Motion

Plaintiff's motion for recruitment of counsel (Doc. 3) shall be referred to United States Magistrate Judge Stephen C. Williams for further consideration.

### Disposition

**IT IS HEREBY ORDERED** that Plaintiff's motion to supplement the complaint (Doc. 7) is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's motion for a temporary restraining order contained in the complaint (Doc. 1) is **DENIED**.

**IT IS FURTHER ORDERED** that, for the reasons stated, **COUNTS 3** and **5** fail to state a claim upon which relief may be granted, and are **DISMISSED** without prejudice. Although the only claim against Defendant Atchison, Count 5, is dismissed, **WARDEN**

**ATCHISON** shall remain as a named defendant for purposes of injunctive relief only.  Counts 1, 2, and 4 shall proceed.

The Clerk of Court shall prepare for Defendants **ATCHISON**, **MAUE**, **STEWART** and **BROWN**:  (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons).  The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff.  If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

With respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address.  This information shall be used only for sending the forms as directed above or for formally effecting service.  Any documentation of the address shall be retained only by the Clerk.  Address information shall not be maintained in the court file or disclosed by the Clerk.

Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court.  Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendants or counsel.  Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge Stephen C. Williams for further pre-trial proceedings, which shall include a determination on the pending motion for recruitment of counsel (Doc. 3).

Further, this entire matter shall be **REFERRED** to United States Magistrate Judge Stephen C. Williams for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted.  *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff.  Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts.  This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs.  Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action

for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: August 22, 2013**

                                                  s/ *Michael J. Reagan*
                                                  **MICHAEL J. REAGAN**
                                                  **UNITED STATES DISTRICT JUDGE**